# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALEX COOPER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 11-261-LPS |
| | : |
| MARK ROTH and JOYCE WINTERS, | : |
| | : |
| Defendants. | : |

Alex Cooper, New Castle, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

July 20, 2011
Wilmington, Delaware

*(signature)*

**STARK, U.S. District Judge:**

## I.     INTRODUCTION

Plaintiff Alex Cooper ("Cooper") of New Castle, Delaware filed this employment discrimination action on March 29, 2011. (D.I. 2)  He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4)  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915.

## II.     BACKGROUND

Cooper alleges that Defendants Mark Roth ("Roth") and Joyce Winters ("Winters") discriminated against him on the basis of race during his employment.  Cooper alleges that he discovered Winters was mismanaging company funds and that, in retaliation, she terminated his employment on December 12, 2007, in order to avoid exposure to Roth, the owner of Eden Rock. Cooper filed charges with the EEOC and received a right to sue letter on December 29, 2010.

## III.     STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U .S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny,* 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus,* 551 U.S. 89, 93 (2007).  Because Cooper proceeds *pro se,* his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks omitted).

1

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke,* 490 at 327-28; *Wilson v. Rackmill,* 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Cooper leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F .3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal,* ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal,* 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11.

Second, the Court must determine whether the facts alleged in a complaint are sufficient to show that Cooper has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Cooper's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal,* 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

## IV.    DISCUSSION

Individual employees cannot be held liable under Title VII. *See Sheridan v. E.I. Du Pont de Nemours & Co.,* 100 F.3d 1061, 1077 (3d Cir. 1996). Accordingly, Cooper's Title VII claims against Roth and Winters are not cognizable and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

However, since it appears plausible that Cooper may be able to name an alternative defendant (e.g., his former employer), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't,* 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (not published) (stating leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V.    **CONCLUSION**

For the above reasons, the Court will dismiss the claims against Roth and Winters for

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Cooper will be given leave to file an amended complaint.   An appropriate Order follows.